**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| BENNIE K. ELLISON, <br> No. R00575, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | |
| vs. | ) <br> ) | CIVIL NO. 13-cv-01185-JPG |
| MARC HODGE, <br> S.A.GODINEZ, and <br> LISA MADIGAN, | ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Bennie K. Ellison is in the custody of the Illinois Department of Corrections ("IDOC"), currently incarcerated at Lawrence Correctional Center. Plaintiff has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that Director of the IDOC, S.A. Godinez, Warden Marc Hodge, and Illinois Attorney General Lisa Madigan conspired to commit criminal aggravated abduction and kidnapping (with 10 aggravated assaults). Plaintiff further asserts that he has been denied a vegan diet, medical and dental treatment, state pay, exoneration and parole, and his grievances have been ignored. Plaintiff seeks leave to proceed *in forma pauperis* ("IFP") in this case, without prepayment of the Court's usual $400.00 filing fee in a civil case (Doc. 2). *See* 28 U.S.C. § 1914(a).

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. However, 28 U.S.C. § 1915(g), presents a preliminary hurdle that Ellison must clear before that threshold review can be undertaken.

A federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action ... and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6–month period immediately preceding the filing of the complaint ..., obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

In this case, Plaintiff Ellison has tendered an affidavit of indigence that is sufficient as to form and which indicates he is indigent, but this is not the end of the matter because 28 U.S.C. § 1915 further provides:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Court documents are, of course, public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.,* 29 F.3d 280, 284 (7th Cir. 1994). Review of documents filed in the electronic docket of this Court, and on the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov), discloses that Ellison has already had far more than three other cases dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Ellison v. Illinois*, No. 07-cv- 2296 (N.D. Ill. Nov. 9, 2007); *Ellison v. Sheriff of Cook County*, No. 09-cv-5438 (N.D. Ill. Feb. 2, 2010); *Ellison v. U.S. Judicial Exec & Adm. Operations of the Dist. Court,* No. 11-cv-1764 (N.D.Ill. March 22, 2011); *Ellison v.*

*Manion,* No. 11-cv- 2600 (N.D. Apr. 26, 2011); *Ellison v. Joyce*, No. 11-cv-2722 (N.D. Ill. May 23, 2011); and *Ellison v. IDOC*, No. 11-cv- 6296 (N.D. Ill. Sept. 19, 2011). In fact, after Ellison filed 18 cases in the District Court for the Northern District of Illinois, that district banned Ellison from filing any new civil cases *pro se*, and set up a repository for any future filings. *In the Matter of Bennie Ellison*, No. 12-cv-7536 (N.D. Ill. Sept. 14, 2012).

Most recently, two actions in this district were dismissed as frivolous: *Ellison v. Quinn*, No. 13-cv-168-MJR (S.D. Ill. March 19, 2013); and *Ellison v. Hodge*, No. 13-cv-453-JPG, Doc. 7 (S.D. Ill. June 10, 2013) (recently reassigned from Judge G. Patrick Murphy). In both cases Plaintiff failed to disclose his litigation history and, as a result, his cases were dismissed.

In the present case, Ellison has again failed to disclose his litigation history. A plaintiff's failure to disclose his litigation history, particularly when he seeks to proceed IFP, may be grounds for immediate dismissal of the suit. *Ammons v. Gerlinger,* 547 F.3d 724, 725 (7th Cir. 2008) (termination of the suit is an appropriate sanction for struck-out prisoner who took advantage of court's oversight and was granted leave to proceed IFP); *Sloan v. Lesza,* 181 F.3d 857, 858–59 (7th Cir. 1999) (litigant who sought and obtained leave to proceed IFP without disclosing his three-strike status committed a fraud upon the court); *see also Hoskins v. Dart,* 633 F.3d 541, 543 (7th Cir. 2011) (dismissal with prejudice appropriate where Court-issued complaint form clearly warned Plaintiff that failure to provide litigation history would result in dismissal).

Moreover, because Plaintiff has three strikes for purposes of Section 1915(g), he may not proceed IFP in this case unless he is under imminent danger of serious physical injury. The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious

physical injury to a prisoner. *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan,* 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id.* at 331 (citing *Heimermann v. Litscher,* 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id.* at 330 (citing *AbdulWadood v. Nathan,* 91 F.3d 1023 (7th Cir. 1996)).

Although Ellison characterizes his complaint as an "emergency," it clearly does not present any claims of imminent danger and IFP status will be denied on that basis, as well. In essence, Ellison views his arrest, conviction and sentence as abduction, kidnapping and assault—ridiculous allegations. Insofar as Ellison may be attempting to present constitutional claims (as opposed to criminal claims, which cannot be prosecuted via Section 1983), his claims are barred under *Heck v. Humphrey*, 512 U.S. 477, 487 (1984), which prohibits using Section 1983 to collaterally attack the fact of confinement or sentence if a judgment in his favor would not undermine his still valid conviction(s) and sentence(s). The complaint otherwise offers mere assertions of other constitutional violations, with no factual background or allegations of personal involvement by any named defendant. The allegations of a conspiracy are equally conclusory. Therefore, the complaint fails to state a colorable constitutional claim, let alone imminent danger.

For these reasons, Plaintiff Ellison's motion to proceed as a pauper (Doc. 2) shall be denied, and his failure to disclose his litigation history, despite having been cautioned about the

consequences of such an omission, warrants the immediate dismissal of this action with prejudice.

The Court of Appeals for the Seventh Circuit has clearly instructed that when a prisoner who is ineligible to continue litigating under Section 1915(g) continues to file suits without paying the necessary filing fee, a filing bar is an appropriate solution. *See Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995). *See also Ammons v. Gerlinger*, 547 F.3d 724, 726 (7th Cir. 2008) ("[W]hen a prisoner who is subject to § 1915(g) continues filing suits or appeals without paying required fees, this court will enter an order directing the clerks of all courts within this circuit to return all of the litigant's future filings until the necessary fees have been paid.")

Consistent with the guidance of the Seventh Circuit, Plaintiff Ellison shall be ordered to show cause why the Court should not bar him from filing any further papers in this Court until such time as he pays in full the $400.00 district court filing fee due in this particular case, as well as the $350.00 filing fee due in *Ellison v. Quinn*, No. 13-cv-168-MJR (S.D. Ill. March 19, 2013), and the $400.00 filing fee due in *Ellison v. Hodge*, No. 13-cv-453-JPG, Doc. 7 (S.D. Ill. June 10, 2013).

## DISPOSITION

**IT IS HEREBY ORDERED** that, for the reasons state, Plaintiff Ellison's Motion for leave to proceed *in forma pauperis* (Doc. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that, this action is **DISMISSED** with prejudice as a sanction for Plaintiff's failure to disclose his litigation history. Consequently, all pending motions are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the agency having custody of the Plaintiff is directed to remit the $400.00 district court filing fee from Plaintiff's prison trust fund account if such funds are available. If he does not have $400.00 in his account, the agency must send an initial payment of 20% of the current balance or the average balance during the past six months, whichever amount is higher. Thereafter, Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account until the $400.00 is paid in full. The agency having custody of Plaintiff shall forward these payments from the Plaintiff's trust fund account to the Clerk of this Court each time the Plaintiff's account exceeds $10.00, until the $400.00 district court filing fee is paid. Payments shall reference Case No. 13-cv-1185-JPG and shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202. Payments made toward the filing fees owed in Ellison's other cases should reference the appropriate case.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Trust Fund Officer at Lawrence Correctional Center.

**IT IS FURTHER ORDERED** that within 21 days of the date of this Order (**on or before January 7, 2014**), Plaintiff Ellison shall **SHOW CAUSE** in writing why the Court should not bar him from filing any further papers in this Court until such time as he pays in full the $400.00 district court filing fee due in this particular case, as well as the $350.00 filing fee due in *Ellison v. Quinn*, No. 13-cv-168-MJR.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents. See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 17, 2013**

*s/J. Phil Gilbert*
**United States District Judge**